**PATTERSON BUCHANAN FOBES LEITCH & KALZER, INC., P.S.**
2112 Third Avenue, Suite 500
Seattle, Washington 98121
(206) 462-6700
Michael A. Patterson, NYSBA Reg. No. 3615283
*Counsel for Corporation of the Catholic Archbishop of Seattle*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| THE CHRISTIAN BROTHERS' INSTITUTE, et al., | : | Case No. 11-22820 (RRD) |
|  | : |  |
| Debtor(s) | : | (Jointly Administered) |
|  | : |  |
| CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE, a corporation sole, | : | Adversary Proceeding No. _____ |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| CONGREGATION OF CHRISTIAN BROTHERS OF IRELAND; CHRISTIAN BROTHERS INSTITUTE, a New York corporation; CONGREGATION OF THE BROTHERS OF THE CHRISTIAN SCHOOLS OF IRELAND; CONGREGATION OF CHRISTIAN BROTHERS; CONGREGATION OF CHRISTIAN BROTHERS-NORTH AMERICAN PROVINCE a/k/a WESTERN PROVINCE; THE CHRISTIAN BROTHERS OF IRELAND, INC., an Illinois corporation; CONGREGATION OF CHRISTIAN BROTHERS-NORTH AMERICAN PROVINCE a/k/a WESTERN PROVINCE a/k/a EASTERN PROVINCE a/k/a AMERICAN PROVINCE; CHRISTIAN BROTHERS INSTITUTE OF CALIFORNIA, a California corporation; CHRISTIAN BROTHERS INSTITUTE OF MICHIGAN, a Michigan corporation, | : | |
|  | : |  |
| Defendants. | : |  |

1

**COMPLAINT FOR DECLARATORY RELIEF
AND SUBSTANTIVE CONSOLIDATION**

Plaintiff, Corporation of the Catholic Archbishop of Seattle, seeks a declaratory judgment

and alleges for its complaint as follows:

**INTRODUCTION**

1.      This is an action seeking declaratory relief to determine the extent to which

above-named Debtors and remaining above-named Defendants are so entangled as to require

substantive consolidation.

**THE PARTIES**

2.      Plaintiff is organized as a corporation sole under Revised Code of Washington

("RCW") 24.12.

3.      Defendant The Christian Brothers of Ireland, Inc. ("CBOI"), is an Illinois

corporation and defendant The Christian Brothers Institute ("CBI") is a New York non-profit

corporation.  CBI and CBOI (collectively, "Debtors") are the Debtors in the above-captioned

chapter 11 bankruptcy case.

4.      Defendants in this instant matter are defendant in lawsuits originally filed in King

County, Washington to which this instant matter relates.  Those actions are referred to herein as

"Underlying Actions."

5.      The Underlying Actions are tort-based lawsuits against, *inter alia*, the Corporation

of the Catholic Archbishop of Seattle ("Seattle Archdiocese") based upon sexual abuse by

Christian Brothers and others who taught, administered, resided, or otherwise served at O'Dea

2

High School in Seattle, King County, Washington and Briscoe Memorial School.

6.      Upon information and belief, defendant CBI operated O'Dea High School in Seattle, King County, Washington and Briscoe Memorial School, supervising the Christian Brothers and others who taught, administered, resided, or otherwise served at the schools.

7.      Upon information and belief, defendant CBOI operated O'Dea High School in Seattle, King County, Washington and Briscoe Memorial School, supervising the Christian Brothers and others who taught, administered, resided, or otherwise served at the schools.

8.      Upon information and belief, defendant Congregation of the Brothers of the Christian Schools of Ireland operated O'Dea High School in Seattle, King County, Washington and Briscoe Memorial School, supervising the Christian Brothers and others who taught, administered, resided, or otherwise served at the schools.

9.      Upon information and belief, defendant Congregation of Christian Brothers operated O'Dea High School in Seattle, King County, Washington and Briscoe Memorial School, supervising the Christian Brothers and others who taught, administered, resided, or otherwise served at the schools.

10.     Upon information and belief, defendant Congregation of Christian Brothers of Ireland operated O'Dea High School in Seattle, King County, Washington and Briscoe Memorial School, supervising the Christian Brothers and others who taught, administered, resided, or otherwise served at the schools.

11.     Upon information and belief, defendant Congregation of Christian Brothers-North American Province a/k/a Western Province a/k/a Eastern Province a/k/a American Province

3

operated O'Dea High School in Seattle, King County, Washington and Briscoe Memorial

School, supervising the Christian Brothers and others who taught, administered, resided, or

otherwise served at the schools.

12.     Plaintiffs in a number of the Underlying Actions have alleged sexual abuse by

Christian Brother Edward Courtney ("Courtney") at O'Dea High School in Seattle, King County,

Washington.  Upon information and belief, Courtney and the Christian Brothers who supervised

him at Brother Rice High School in Birmingham, Michigan were agents of Defendant Christian

Brothers Institute of Michigan, a Michigan corporation.  Upon information and belief, despite

having knowledge of Courtney's prior misconduct at Brother Rice High School, the Christian

Brothers transferred him to another school and eventually to O'Dea High School.

13.     Upon information and belief, the Defendants had their provincial headquarters in

California from 1969 until early 1976.  Upon information and belief, those headquarters were

owned by defendant Christian Brothers Institute of California, a California corporation, and the

provincial leaders were the agents of defendant CBI.  Upon information and belief, during that

time frame, the provincial leaders transferred Courtney from school-to-school, including O'Dea

High School, despite knowing of his prior misconduct.

14.     Defendants CBI, CBOI, Congregation of the Brothers of the Christian Schools of

Ireland, Congregation of Christian Brothers, Congregation of Christian Brothers of Ireland,

Congregation of Christian Brothers-North American Province a/k/a Western Province a/k/a

Eastern Province a/k/a American Province ("NAP"), Christian Brothers Institute of California,

and Christian Brothers Institute of Michigan, are collectively referred to herein as the

4

"Defendants."

15.     Defendants Congregation of the Brothers of the Christian Schools of Ireland,

Congregation of Christian Brothers, Congregation of Christian Brothers of Ireland, Congregation

of Christian Brothers-North American Province a/k/a Western Province a/k/a Eastern Province

a/k/a American Province ("NAP"), Christian Brothers Institute of California, and Christian

Brothers Institute of Michigan, are collectively referred to herein as the "Christian Brothers

Entities."

16.     Upon information and belief, the Defendants contend that they are separate

entities affiliated with the Debtors.

## JURISDICTION AND VENUE

17.     On or about April 28, 2011, CBOI and CBI filed a voluntary petition under

Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

18.     Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, CBOI and CBI continue to

operate and manage their property as debtors-in-possession.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and

1334(b).

20.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157

insofar as it seeks to determine the extent and nature of the interests of the bankruptcy estate in

defining the relationships of the various Christian Brothers Entities and their respective assets

subject to the bankruptcy estate.

21.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(b)

because defendants CBOI and CBI may be found in this jurisdiction district and are Debtors-in-Possession in this Court.

## FACTUAL BACKGROUND

22.     On or about April 28, 2011 (the "Petition Date"), defendants CBOI and CBI filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

23.     The Debtors' commencement of the above-captioned bankruptcy case as of the Petition Date created an "estate," as defined in 11 U.S.C. § 541(a).

24.     Both prior to and subsequent to the Petition Date, various plaintiffs filed the Underlying Actions related to the above-captioned bankruptcy case where plaintiffs alleged that they were sexually abused or otherwise injured by one or more persons allegedly associated with Christian Brothers Defendants at Briscoe Memorial School or at O'Dea High School in Washington State.

25.     Defendant CBI has contended that its primary purpose was, and continues to be, establishing and conducting elementary and secondary schools for boys in New York.

26.     Defendant CBOI has contended that its purpose is to conduct and support Catholic elementary and secondary schools principally throughout the State of Illinois, as well as other spiritual and temporal affairs of the from Brother Rice Province of the Congregation of Christian Brothers.

27.     Defendant NAP has contended that it is a Province within the Congregation of Christian Brothers and an unincorporated association of religious lay males (brothers).

6

28.    By 1966, the Christian Brothers of Ireland had split into three provinces, the Western (Brother Rice) Province, the Eastern Province, and the Canadian Province.

29.    In 2005, the three provinces merged back into a single province, NAP.  The NAP is a successor association to the Christian Brothers of Ireland, as well as the Western, Eastern, and Canadian provinces.

30.    The contract governing the operation of O'Dea High School located in Seattle, Washington was signed in 1973 by the Vice-President and Provincial for CBI, as well as the Superior General for the Congregation of the Brothers of the Christian Schools of Ireland.  This contract states that it is an agreement "entered into between the Corporation of the Catholic Archbishop of Seattle…and the Congregation of Christian Brothers Western Province."

31.    The contract governing the operation of Briscoe Memorial School, the now closed school for boys located in Kent, Washington, was signed in 1914 by trustees designated by the head of the religious order of the Catholic Church, known as the Christian Brothers of Ireland. Two of the three signatories to the Briscoe contract were signatories to CBI's articles of incorporation.

32.    The Debtors have contended that CBI was not responsible for the operation of Briscoe or O'Dea, but that NAP was.

## CAUSE OF ACTION
### Declaratory Relief: Substantive Consolidation

33.    Plaintiff repeats and realleges the allegations of each of the preceding paragraphs as if fully set forth herein.

34.    The plaintiffs in the Underlying Actions and the Plaintiff in the instant action have

dealt with the Debtors and the Christian Brothers Entities as a single institution.

35.     Upon information and belief, Plaintiff alleges that the Christian Brothers are mere instrumentalities of one another, with no separate existence apart from the Debtors.  Upon information and belief, Plaintiff alleges that the Debtors' affairs are so entangled with those of the Christian Brothers Entities that substantive consolidation of the Debtors and the Christian Brothers Entities will benefit all of the Debtors' creditors including, but not limited to, Plaintiff.

36.     Moreover, upon information and belief, Plaintiff alleges that the time and expense necessary to attempt to unscramble the entanglement of the Debtors' affairs with that of the Christian Brothers Entities is so substantial that no accurate identification and allocation of assets is possible in the absence of substantive consolidation.

37.     Upon information and belief, Plaintiff alleges that no harm will come to the Debtors or the Christian Brothers Entities should this Court enter an order of substantive consolidation because these Entities are already so entirely entangled.

38.     Upon information and belief, substantive consolidation will allow a truly equitable distribution of assets among the Debtors' creditors by treating the Christian Brothers Entities as a single economic unit along with the Diocese.

39.     A dispute exists as to whether the Christian Brothers Entities have identities separate from that of the Debtors and whether the Debtors' affairs are so entangled with those of the Christian Brothers Entities.

40.     Therefore, Plaintiff respectfully seeks an order of this Court ordering substantive consolidation, nunc pro tunc, of the Debtors' estate with the Christian Brothers Entities effective

as of April 28, 2011.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.       Ordering substantive consolidation, nunc pro tunc, of the Debtors' bankruptcy

estate with the Christian Brothers Entities effective as of April 28, 2011.

2.       Granting such other and further relief as is just and proper.

DATED this 26th day of April, 2012.

                              **PATTERSON BUCHANAN FOBES LEITCH &
                              KALZER, INC., P.S.**

                                _/s/ Michael A. Patterson_
                              Michael A. Patterson, NYSBA Reg. No. 3615283
                              2112 Third Avenue, Suite 500
                              Seattle, Washington 98121
                              Telephone:     (206) 462-6700
                              Facsimile:     (206) 462-6701
                              Email:  map@pattersonbuchanan.com
                              *Attorneys for the Corporation of the Catholic
                              Archbishop of Seattle*